UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN RUSSELL,<br>　　Plaintiff,<br><br>vs.<br><br>CITY OF CAMBRIDGE<br>　　Defendant. | CASE NO: 25-12380<br><br>Notice of Removal of Action Under<br>28 U.S.C. 1441(b) – Federal Question |

# **NOTICE OF REMOVAL**

Defendant, City of Cambridge (hereafter the "City"), hereby files this Notice of Removal in the above-named action to the United States District Court for the District of Massachusetts from the Middlesex County Superior Court in Massachusetts where the action is now pending.

1. The above-named action was commenced in the Middlesex Superior Court and is now pending in that court.

2. There are no defendants to the above-named action except the City of Cambridge.

3. This action was commenced against the City in the Middlesex Superior Court by the Plaintiff, and is of a civil nature alleging damages during the course of an employment action. The United States District Court for the District of Massachusetts has jurisdiction over the matter under 28 U.S.C. §1331 and it is one that may be removed to this Court by the City pursuant to the provisions of 28 U.S.C. §1441(a) in that the action arises under the Laws of the United States because Plaintiff's claim for relief as to Count II, Violation of Due Process Under 42 U.S.C § 1983, raises a federal question. Plaintiff alleges that the City violated the Plaintiff's Due Process rights by not providing a hearing before "depriving him of him of lost overtime and detail pay of at least $150,000." See Complaint ¶ 101. Additionally, Plaintiff alleges that

the City deprived the Plaintiff of his liberty when he was required to stay home during work hours pending an internal investigation into Plaintiff's conduct.

4. The present action was commenced by the filing of the complaint on July 23, 2024 and the service of process on the City occurred on September 24, 2024. Following service of the complaint Plaintiff sought leave to amend, in part, Count II of the complaint for the first time raising a constitutional question citing to 42 U.S.C. § 1983. Plaintiff served the Amended Complaint on the City on August 5, 2025. Therefore, the time has not elapsed within which the City is permitted to file this Notice of Removal to this court.

5. Copies of all process, pleadings, and orders served upon the City are filed with this Notice as **Exhibit A**.

6. The City will give written notice of the filing of this Notice pursuant to the requirements 28 U.S.C. § 1446(d).

7. A copy of this Notice will be filed with the clerk of the Middlesex Superior Court pursuant to the requirements of 28 U.S.C. § 1446(d).

WHEREFORE, the City requests that this action proceed in this Court as an action properly removed to its jurisdiction.

Respectfully Submitted,

CITY OF CAMBRIDGE
Defendant,
By its attorney,

/s/ Sydney M. Wright
BBO # 698565
Assistant City Solicitor
City of Cambridge Law Department
Dated: August 29, 2025.   795 Massachusetts Avenue

        Cambridge, MA 02139  
        Tel. 617-349-4121  
        swright@cambridgema.gov

## **CERTIFICATE OF SERVICE**

    I, Sydney M. Wright, do hereby certify that on August 27, 2025 I served a copy of the above Notice of Removal on Patrick Hanley, Esq., Butters Brazilian LLP, 420 Boylston Street, 4th Floor, Boston, MA 02116, via e-mail.

        /s/Sydney M. Wright_____  
        Sydney M. Wright

Dated: August 29, 2025.